Kennon, J.
This is an action on the case brought by the plaintiff against the defendant to recover damages for an injury claimed to be sustained by the plaintiff from the act of the defendant in constructing a railroad on a street in the city of Dayton, and running its cars thereon. To the second count of the plaintiff’s declaration the defendant demurred, and the question is : Does that count show any cause of action in the plaintiff?
The count avers that the plaintiff at and before the time of corn-881] mitting the grievances therein mentioned, was, and *still is, possessed of a dwelling-house and premises on a lot in the town of Dayton, that the lot adjoins, on one side, Jefferson, and on the other, Sixth street, which are common and public highways, dedicated to a free and common use as public streets; that plaintiff and family reside in said house; that he ought to have and enjoy the benefit of the free, safe, and unobstructed -use of said streets, to go to and from his house on foot, and with horses, wagons, and carriages; that he ought to be permitted to enjoy peaceably and *332 quietly said house and premises. But that the defendant, wrongfully intending to injure the plaintiff, and deprive him of the free, safe, and unobstructed use of said streets, and the quiet occuptancy of his house and premises, wrongfully and unlawfully constructed a rail - road along said Sixth street, and upon and across Jefferson street, within twenty feet of the plaintiff’s premises, and pilaced and erected divers larg'e quantities of gravel, earth, timber, and iron thereon, and unlawfully and injuriously continued the same. That upon said road the defendant placed and run engines, cars, and locomotives, making horrible sounds, greatly shook and jarred his dwelling-house; that the defendant kep>t up, for the purpose of running said machine, dangerous fires, and thereby, near the house of the p>laintiff, generated noxious vapor and smoke, and diffused the same in and about his premises. By means of which grievances the public streets at said places were filled: up and obstructed, and the plaintiff prevented from having a free, safe, and unobstructed use of the same, as he ought to have had, and otherwise would have had; that his house was shaken and disjointed; that the air, by reason of the vapor and smoke, was rendered unwholesome, and he greatly annoyed in’ his possession.
The defendant, by the demurrer, admits all these facts to be true, but claims that if true, the plaintiff had no cause of action.
We are asked to look into the charter of the company, and from that charter to determine several important questions, among which are the following : Does the charter authorize *the company [332 to make a railroad into or through the city of Dayton, the language being from Cincinnati to Dayton ? If the company have the authority to make the road into, or through the city of Dayton, can the State of Ohio, or the municipal corporation of Dayton, or both, authorize the company to occupy the streets with their railroad, especially without compensation to the property holders in the city ? Wo think these, and several other questions made in the argument of counsel, do not arise on this demurrer. We do not know from this count in the declaration, that the railroad mentioned is a part of the Cincinnati and Dayton railroad, or that it is anything more than a railroad from one part of the town to another. All wo do know is that the plaintiff says the defendant unlawfully and intentionally committed the grievances mentioned in the second count, and the defendant admits the truth of the charge as stated. Now, although wo do take notice of the charter as a public law, still we *333 can not say that the piece of railroad in a street wras made under, or in pursuance of that charter, or that it is any part of the Cincinnati, Hamilton and Dayton Railroad. It may not be,nd the question a whether it is or not can not be raised by demurrer. We do not perceive what obligation was on the plaintiff to show that it was not a part of that road, or that it was improperly constructed or used, otherwise than he has alluded in his declaration. If it be a part of the Cincinnati, Hamilton and Dayton Railroad, made in pursuance of its charter, that fact must be shown by the defendant by plea, or in some other way, on the trial, and the questions intended to be raised, properly made. As the case now stands, we think the plaintiff has made a case for recovery.
We intentionally avoid expressing any opinion upon any question not before us upon the record.
It is claimed that there is duplicity in this second count, but this is not urged in the argument, and if it was, we think that objection could not be sustained.
The demurrer is overruled